United States District Court
Southern District of Texas

**ENTERED**

April 28, 2026

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NUMBER H-24-309-01&02 |
| | § | |
| TATIANA S. SMITH and | § | |
| CARLOS ANTONIO GRACE, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is Carlos Grace's Opposed Motion to Dismiss Count 5 ("Grace's Motion to Dismiss") (Docket Entry No. 57) and Tatiana Smith's Motion to Dismiss Counts 3, 5 and 6 ("Smith's Motion to Dismiss") (Docket Entry No. 58). The Government has filed the Government's Omnibus Response to Defendants' Motions to Dismiss ("Government's Response") (Docket Entry No. 67). For the reasons explained below, Defendants' Motions to Dismiss will be denied.

## I.  Background

On June 5, 2024, a grand jury charged Smith with one count of conspiracy to possess with intent to distribute and distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iv), and (b)(1)(C) and § 846 (Count One); one count of possession with intent to distribute and distribution of oxycodone,

in violation in 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2 (Count Two); one count of possession with the intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi), (b)(1)(C), and 18 U.S.C. § 2 (Count Four); two counts of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 (Counts Three and Five); and one count of felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8) (Count Six).[1]  The grand jury charged Grace with one count of conspiracy to possess with intent to distribute and distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iv), and (b)(1)(C), and § 846 (Count One); one count of possession with the intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi), and (b)(1)(C), and 18 U.S.C. § 2 (Count Four); and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 (Count Five).[2]  On June 12, 2024, and August 26, 2024, Defendants Smith and Grace, respectively, pled not guilty to the charges in the indictment.[3]

---

[1]Indictment, Docket Entry No. 13, pp. 1–4.  All page numbers reference the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Id. at 1, 3.

[3]June 12, 2024, Minute Entry (Smith); August 26, 2024, Minute Entry (Grace).

On March 2, 2026, Grace filed his Motion to Dismiss and Smith filed her Motion to Dismiss.[4]  Tatiana S. Smith and Carlos Grace (collectively referred to as "Defendants") argue that the counts related to firearms violations should be dismissed because the charged statutes violate the Second Amendment.[5]  On April 10, 2026, the Government filed its Response, arguing that the charged statutes do not violate the Second Amendment.[6]

## II.  **Legal Standard**

### A.  **Federal Rule of Criminal Procedure 12(b)(1)**

Rule 12(b)(1) allows a defendant to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits."  Fed. R. Crim. P. 12(b)(1).  A court may grant a motion to dismiss an indictment if the defect "in the prosecution is essentially one of law."  United States v. Guthrie, 720 F. App'x 199, 201 (5th Cir. 2018) (per curiam).  A defendant may use a Rule 12(b)(1) motion to challenge the constitutionality of the charged statutes.  United States v. Valencia, No. 5:17-CR-882-DAE(1)(2), 2018 WL 6182755, at *2 (W.D. Tex. Nov. 27, 2018).

---

[4]Grace's Motion to Dismiss, Docket Entry No. 57; Smith's Motion to Dismiss, Docket Entry No. 58.

[5]Grace's Motion to Dismiss, Docket Entry No. 57, p. 1; Smith's Motion to Dismiss, Docket Entry No. 58, p. 1.

[6]Government's Response, Docket Entry No. 67, pp. 2–8.

**B.    The Challenged Statutes**

Counts Three and Five charge Defendants with violating 18 U.S.C. § 924(c)(1), which makes it unlawful for any person to use or possess a firearm during and in relation to any crime of violence or drug trafficking crime.[7]

Count Six charges Smith with violating 18 U.S.C. §§ 922(g)(1), which makes it unlawful for "any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to possess a firearm.  A person who violates § 922(g)(1) is fined and imprisoned under § 924(a)(8).

**C.    The Second Amendment and Bruen**

The Second Amendment states that "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."  U.S. Const. amend. II.  In District of Columbia v. Heller, 128 S. Ct. 2783, 2822 (2008), the Court held that the Second Amendment protects the right to possess a handgun in the home for self-defense.  In McDonald v. City of Chicago, Illinois, 130 S. Ct. 3020, 3024 (2010), the Court held that the Second Amendment applies to the states through the Fourteenth Amendment.  In New York State Rifle & Pistol Association, Inc. v. Bruen, 142 S. Ct. 2111, 2122 (2022), the Court held that the Second Amendment also protects possession of a handgun outside the home for self-defense.

---

[7]Indictment, Docket Entry No. 13, pp. 2-3.  Count Three charges Smith alone while Count Five charges both Defendants.  Id.

Bruen also clarified the standard for regulating Second Amendment conduct.  A court starts by asking whether the "Second Amendment's plain text covers [the] individual's conduct." Id. at 2126.  If it does, the conduct is presumptively protected. Id. at 2129-30.  To justify a regulation of protected conduct, the Government must "demonstrat[e] that it is consistent with the Nation's historical tradition of firearm regulation." Id. at 2130.

### III.  Analysis

Defendants challenge the constitutionality of 18 U.S.C. §§ 924(c)(1)(A) and 922(g)(1).[8]

### A.   Counts Three and Five - 18 U.S.C. § 924(c)(1)(A)

Defendants argue that § 924(c)(1)(A) is unconstitutional because it criminalizes conduct protected by the Second Amendment — possession of a firearm — and because the Government cannot justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation.[9]  The

---

[8]Grace only challenges the constitutionality of § 924(c)(1)(A) while Smith challenges the constitutionality of both §§ 924(c)(1)(A) and 922(g)(1).  Grace's Motion to Dismiss, Docket Entry No. 57, p. 1; Smith's Motion to Dismiss, Docket Entry No. 58, p. 1.

[9]Grace's Motion to Dismiss, Docket Entry No. 57, p. 4; Smith's Motion to Dismiss, Docket Entry No. 58, p. 2.  Grace also argues that § 924(c) is unconstitutional as applied to him because he "is not a convicted felon and not otherwise prohibited from possessing a firearm or otherwise determined to be a dangerous person who should be disarmed."  Grace's Motion to Dismiss, Docket Entry No. 57, p. 6.  However, a prior felony conviction is not an element of a § 924(c) conviction. United States v. Reyes, 677 F.Supp.3d 585, 591 (E.D. Tex. 2023).  Because Grace's argument does not
(continued...)

Government argues that the conduct proscribed by § 924(c) is not protected by the Second Amendment.[10]  The Government additionally argues that even if the conduct proscribed by § 924(c) is protected by the Second Amendment, § 924(c)(1) is consistent with the nation's historical tradition of firearm regulation.[11]

    1.    Plain Text Analysis

The plain text of the Second Amendment is "read to cover the individual right to self-defense."  Reyes, 677 F.Supp.3d at 591; see also Heller, 128 S. Ct. at 2799 (explaining that Americans at the Founding "understood the right [to bear arms] to enable individuals to defend themselves"); McDonald, 130 S. Ct. at 3036 (explaining that "[s]elf-defense is a basic right, recognized by many legal systems from ancient times to the present day, and in Heller, [the Supreme Court] held that individual self-defense is 'the central component' of the Second Amendment right").  But while the plain text of the Second Amendment covers the right to use a firearm in self-defense, it is well established that "the original understanding of the Second Amendment 'did not extend to possession of weapons for unlawful purposes.'"  United States v. Burgess, Nos. 22-1110/22-1112, 2023 WL 179886, at *5 (6th Cir. Jan. 13,

---

[9](...continued) establish that "a reasonable trier of fact could [not] convict Defendant of violating 18 U.S.C. § 924(c)," the court will deny Grace's Motion to Dismiss as applied to the challenge to § 924(c). Id. at 593.

[10]Government's Response, Docket Entry No. 67, pp. 2-6.

[11]Id. at 3-6.

2023) (emphasis added); see also <u>United States v. Cash,</u> No. 22-2713, 2023 WL 6532644, at *2–*3 (3d Cir. Oct. 6, 2023); <u>United States v. Underwood,</u> 129 F.4th 912, 929 (6th Cir. 2025).

"[T]he Second Amendment's plain text [therefore] does not cover the conduct proscribed by 18 U.S.C. § 924(c)." <u>Reyes,</u> 677 F.Supp.3d at 592. "[T]o be convicted of violating 18 U.S.C. § 924(c), the Government must prove beyond a reasonable doubt that: (1) Defendant committed the predicate drug trafficking offense; and (2) Defendant, with the requisite <u>mens rea,</u> possessed the firearm 'in furtherance' of the drug trafficking offense." <u>Id.</u> at 591 (quoting 18 U.S.C. § 924(c)(1)(A)). "The <u>in furtherance</u> language of 18 U.S.C. § 924(c) makes clear the Government must prove the firearm was possessed in relation to criminal conduct, <u>not self defense.</u>" <u>Id.</u> at 592. "<u>Heller</u> and <u>Bruen</u>'s reading of the Second Amendment's plain text . . . did not provide a right to <u>go on the offensive.</u>" <u>Id.</u> Accordingly, the court finds the Second Amendment's plain text does not cover the conduct proscribed by § 924(c).

### 2.   Historical Analysis

Even if the Second Amendment's plain text did cover the conduct proscribed by § 924(c), the regulation is "consistent with the principles that underpin our regulatory tradition." <u>United States v. Rahimi,</u> 144 S. Ct. 1889, 1898 (2024). To determine whether § 924(c) "comport[s] with the principles underlying the Second Amendment," the court must "ascertain whether the new law is 'relevantly similar' to laws that our tradition is

-7-

understood to permit." Id. In assessing similarity the court must consider "whether modern and historical regulations impose a comparable burden on the right of armed self-defense and whether that burden is comparably justified." Bruen, 142 S. Ct. at 2133. In other words, "[w]hy and how the regulation burdens the right are central to this inquiry." Rahimi, 144 S. Ct. at 1898.

Section 924(c) imposes an enhanced penalty for using, carrying, or possessing a firearm during a drug trafficking offense. United States v. Rodriguez, CASE NO. SA-22-CR-00209-JKP, 2025 WL 2607969, at *6 (W.D. Tex. Sept. 8, 2025). The Supreme Court has "described the statute's basic purpose broadly, as an effort to combat the 'dangerous combination' of 'drugs and guns.'" Muscarello v. United States, 118 S. Ct. 1911, 1916 (1998) (quoting Smith v. United States, 113 S. Ct. 2050, 2060 (1993)).

The Supreme Court has recognized that "[f]rom the earliest days of the common law, firearm regulations have included provisions barring people from misusing weapons to harm or menace others." Rahimi, 144 S. Ct. at 1899. Moreover, "[t]he government points to various colonial and founding era statutes that increased punishment for certain felony offenses when arms or dangerous weapons were used."[12] Rodriguez, 2025 WL 2607969, at *6.

---

[12]Government's Response, Docket Entry No. 67, pp. 4-5 (citing Rahimi, 144 S. Ct. 1899 and Underwood, 129 F.4th 929-930, which both explain the history of disarming dangerous people, and also citing The Conductor Generalis: Or the Office, Duty and Authority of Justices of the Peace, High-Sheriffs, Under-Sheriffs, Coroners, Constables, Gaolers, Jury-men, and Overseers of the Poor 10
(continued...)

The court therefore concludes that § 924(c)(1) is consistent with the nation's historical tradition of imposing enhanced penalties for felonies committed while armed.

For the reasons explained above, the court will deny Defendants' respective Motions to Dismiss Counts Three and Five.[13]

---

[12](...continued)
(New York, Hugh Gaine 1788); Digest of the Laws of New Jersey, Containing Also the Constitutions of the United States, and of This State, and the Rules and Decisions of the Courts 585–86 (1838) (1799 law); An Act for the Punishment of Burglary and Robbery, 1783 Conn. Laws 633; and various other laws that explain the Nation's history of increasing punishment for certain felony offenses when arms or dangerous weapons were used). Grace argues that the Government does not meet its burden under Bruen because it "primarily relies upon state laws passed after the Second Amendment was ratified on December 15, 1791." Grace's Reply, Docket Entry No. 68, p. 1 (emphasis in original). However, the Supreme Court has made clear that "the Second Amendment permits more than just regulations identical to those existing in 1791." Rahimi, 144 S. Ct. at 1891; see also Rodriguez, 2025 WL 2607969, at *6 (finding that the Government met its burden under Bruen when it cited state laws passed between 1792 to 1897).

[13]Grace relies heavily on United States v. Doucet, No. 24-30656, 2025 WL 3515404 (5th Cir. Dec. 8, 2025), to argue that drug related offenses are not a sufficient reason for disarmament. Grace's Motion to Dismiss, Docket Entry No. 57, pp. 5–6; Grace's Reply, Docket Entry No. 68, p. 1. However, Grace's reliance on Doucet is misplaced. In Doucet the Fifth Circuit held that it was unconstitutional to disarm the defendant for a lifetime for attempted marijuana cultivation under § 922(g)(1) because "the Government's two proposed analogues — severe historical punishments for producers or traffickers of contraband and the disarmament of those legislatively labeled 'dangerous'" were not sufficient analogues under Bruen. Id. at *6. The holding in Doucet is not applicable to this case because § 922(g)(1) and § 924(c)(1)(A) penalize different conduct. Unlike the defendant in Doucet, who was charged under § 922(g)(1) for simply possessing a firearm after being convicted of attempting to cultivate marijuana, Grace is charged under § 924(c)(1)(A) for using a firearm in furtherance of a drug trafficking crime. As discussed above, the Nation has a historical tradition for increasing the punishment for certain felony offenses when arms or dangerous weapons were used.

**B.     Count Six - 18 U.S.C. § 922(g)(1)**

Smith argues that § 922(g)(1) is unconstitutional as applied to her because there is no historical analogue for disarming defendants for simply possessing controlled substances.[14]   The Government argues that § 922(g)(1) is not unconstitutional as applied to Smith because she was on probation for a felony at the time she allegedly possessed firearms.[15]

"[B]ecause convicted felons are unequivocally among the people protected by the Second Amendment, [t]he plain text of the Second Amendment covers the conduct prohibited by § 922(g)(1)." United States v. Kimble, 142 F.4th 308, 311 (5th Cir. 2025) (quoting United States v. Schnur, 132 F.4th 863, 867 (5th Cir. 2025), and United States v. Diaz, 116 F.4th 458, 467 (5th Cir. 2024)) (internal quotation marks omitted).   The Government therefore must show that "the Nation has a longstanding tradition of disarming someone with a criminal history analogous to" the

---

[14]Smith's Motion to Dismiss, Docket Entry No. 58, pp. 3-4.

[15]Government's Response, Docket Entry No. 67, pp. 6-8. Although Smith argues that her only predicate felony is possession of a controlled substance, in 2023 Smith received a deferred adjudication for unlawfully carrying a weapon in Harris County, Texas.   Order of Deferred Adjudication, Exhibit D to Government's Response, Docket Entry No. 67-4, p. 1.   Her probation terms explicitly prohibited her from possessing firearms. Id. at 5 ¶ 12. Smith was on probation for the 2023 felony when she was charged with violating § 922(g)(1).   Id. at 4 ¶ 1.

predicate convictions of possession of controlled substances and possession a firearm as a felon.[16]  Diaz, 116 F.4th at 467.

In United States v. Giglio, 126 F.4th 1039 (5th Cir. 2025), the court found that there was a "'historical practice of disarming a convict during his sentence.'"  Id. at 1044 (quoting United States v. Moore, 111 F.4th 266, 271-72 (3d Cir. 2024)). Accordingly, the Fifth Circuit held that "the Constitution allows the government to disarm individuals who are carrying out criminal sentences."  Id. at 1043.  "Supervised release, of course, 'constitutes a part of the final sentence for [a] crime.'"  Id. (quoting Moore, 111 F.4th at 271).

Because Smith was on probation for a previous felony when she was charged with violating § 922(g)(1), § 922(g)(1) is not unconstitutional as applied to her.  Giglio, 126 F.4th at 1043-44 ("The lynchpin of our analysis is that [the defendant], at the time of his conviction, was serving a sentence for a prior conviction."); see also United States v. Luna, 765 F.Supp.3d 605, 609 (S.D. Tex. 2025) ("The court noted that its 'holding turn[ed] on the fact that [the defendant] was still on supervised release at the time of his arrest,' and therefore the court 'need not look to any dismissed charges, convictions for crimes not punishable for

---

[16]The Fifth Circuit "no longer reject[s] Second Amendment challenges to (g)(1) categorically" and "instead permit[s] 'as applied challenges by defendants with different predicate convictions.'"  Kimble, 142 F.4th at 311 (quoting Diaz, 116 F.4th at 470 n.4).

-11-

more than a year, or convictions stemming from the same indictment, which are the pieces of information proscribed by <u>Diaz</u>." (quoting <u>Giglio,</u> 126 F.4th at 1046)).

For the reasons explained above, the court will deny Smith's Motion to Dismiss Count Six.

### IV. Conclusion and Order

For the reasons explained above, the court concludes that 18 U.S.C. §§ 924(c)(1)(A) and 922(g)(1) do not violate the Second Amendment. Carlos Grace's Opposed Motion to Dismiss Count 5 (Docket Entry No. 57) and Tatiana Smith's Motion to Dismiss Counts 3, 5 and 6 (Docket Entry No. 58) are therefore **DENIED.**

**SIGNED** at Houston, Texas, on this 28th day of April, 2026.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE